UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | EP-16-CR-00537-DCG |
| MICHAEL JOSEPH WESTER, | § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Michael Joseph Wester's "Motion for Medical Treatment" ("Motion") (ECF No. 80), filed on November 18, 2021. Therein, Wester seeks a court order requiring the United States Marshals to immediately transfer him to the William Beaumont Hospital for medical treatment for preexisting conditions and various injuries he asserts to have sustained during his arrest on November 2, 2021. Because all indication is that Wester is receiving adequate medical care, the Court DENIES Wester's Motion.

### I. BACKGROUND

Wester filed his Motion on November 18, 2021. On November 19, 2021, the Court ordered additional briefing on Wester's requested relief. ECF No. 81. Wester filed a "Brief in Support" of his Motion (ECF No. 84) and an "Amended Brief in Support" of his Motion (ECF No. 85) on November 23, 2021. Wester argues that he can challenge—by motion in his criminal case—conditions of his confinement that interfere with his Sixth Amendment right to counsel. Am Br. at 2. On November 29, 2021, the Government filed its "Response in Opposition to Defendant's Motion for Medical Treatment" (ECF No. 88). The Government opposes Wester's Motion on the ground that Wester has not established a factual basis for his claim that he has not received adequate medical care.

## II. ANALYSIS

Two statutory vehicles provide a means by which a person held by the government can challenge the conditions of their confinement: the habeas corpus statutes and 42 U.S.C. § 1983. *See Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the conditions of his confinement must do so through a civil rights action."); *Kruger v. Erickson*, 77 F.3d 1071, 1073–74 (8th Cir. 1996) (per curiam). Thus, the general rule is that persons held in custody must challenge the conditions of their confinement through a civil suit.[1]

A few courts recognize a narrow exception to this general rule. The Seventh Circuit has suggested that 18 U.S.C. § 3142(i)(3), which requires that an individual held pursuant to a detention order "be afforded reasonable opportunity for private consultation with counsel," provides a district court with the authority "to protect a defendant's Sixth Amendment right to counsel." *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (noting that the district court could "order [the defendant] into the custody of a United States Marshal if he determines that such action is necessary for preparation of his defense"). A few district courts agree. Accordingly, those courts find it within their authority to rule on a motion, filed in a criminal case, that challenges conditions of confinement that impair a defendant's Sixth Amendment right to counsel. *See, e.g., United States v. Folse*, No. CR 15-2485 JB, CR 15-3883 JB, 2016 WL 3996386, at *17–19 (Jun. 15, 2016) (collecting cases); *United States v. Martinez-*

---

[1] A properly filed civil suit challenging conditions of confinement also has the benefit of putting on notice the institution that is holding a defendant of the alleged inadequate conditions. *See United States v. Martinez-Hernandez*, No. 3:15-cr-00075 (JAF), 2015 WL 6133050, at *1 (D.P.R. Oct. 15, 2015).

*Hernandez*, No. 3:15-cr-00075 (JAF), 2015 WL 6133050 (D.P.R. Oct. 15, 2015); *United States v. Williams*, No. 3:09-00090, 2009 WL 4824940 (M.D. Tenn. Oct. 26, 2009) (citing 18 U.S.C. § 3141, *et seq.* and 28 U.S.C. §§ 1651 and 1361 as sources of the court's authority).

Without taking any position on the propriety of this narrow exception, the Court concludes that the cases adopting the exception are distinguishable from this one. For example, in *Falcon*, the defendant's attorney had to travel about 2,000 miles roundtrip to meet with the defendant. 52 F.3d at 138. In *Martinez*, the court exercised its authority under section 3142(i)(3) where defendants had limited time each day with their attorneys and "*only* because [the] moving Defendants [] face[d] the death penalty and death *is* different." 2015 WL 6133050 at *4–5, 8–11 (emphasis in original). And in *Williams*, the record was replete with evidence that the facility where defendants were held was grossly underfeeding inmates and had no plan to address the issue. 2009 WL 4824940 at *3–5. The conditions of confinement in these cases thus strongly supported a conclusion that the defendants' right to counsel had been interfered with.

Here, by contrast, the facts show otherwise. The Government points out that Wester has been taken to the hospital three times since his arrest on November 2, 2021.[2] *See* Govt.'s Resp. at 2–3. Wester's brief made no mention of these hospital visits, with the exception of the one on the day of his arrest. *See* Am. Br. It appears to the Court that Wester has been receiving the medical care he requests in his Motion.[3] Where all indication is that Wester is receiving access to adequate medical care—the lack of which is the underlying basis of Wester's claim that his conditions of confinement impede his Sixth Amendment right to counsel—there is no readily

---

[2] The Government advises the Court that Wester was taken to the hospital on November 2, 2021, the day of his arrest, and then again on November 18 and 22. Govt.'s Resp. at 2–3. The Government also states that, on November 16, Wester was seen by medical staff at the facility where he is being held. *Id.* at 2.

[3] The Court, however, expresses concern about Wester's apparent injuries. Under different circumstances, if there was an indication that Wester was not receiving adequate medical care, the Court might consider whether it has the statutory authority to order that Wester be taken to a hospital to receive adequate medical care for the purpose of protecting his Sixth Amendment right to counsel.

apparent reason or immediate need for the court to intervene. Thus, the appropriate avenue for Wester to challenge the conditions of his confinement is through a separate civil action.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Michael Joseph Wester's "Motion for Medical Treatment" (ECF No. 80) is **DENIED** without prejudice.

So ORDERED and SIGNED this 2nd day of December 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE